1  Dana J. Oliver, Esq. (SBN: 291082)
   dana@danaoliverlaw.com
2  OLIVER LAW CENTER, INC.
   8780 19th Street #559
3  Rancho Cucamonga, CA 91701
   Telephone: (855)384-3262
4  Facsimile: (888)570-2021

5  Attorney for Plaintiff and Putative Class

6

7  **UNITED STATES DISTRICT COURT**
   **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| AMBER FERRELL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>COLOURPOP COSMETICS, LLC<br><br>*Defendant*. | Case No. 2:25-cv-1324<br><br>The Hon. Sherilynn Peace Garnett<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>Hearing Date: July 9, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5C<br><br>Complaint Filed: February 14, 2025 |
|---|---|

The Court should deny Defendant ColourPop Cosmetics, LLC's ("ColourPop") motion to stay because the case will be inefficient and prejudicial.

### I.    A Stay is Unnecessary and Would be Prejudicial

There is no automatic stay of discovery pending a motion to compel arbitration. *Maharaj Charter Communs., Inc.,* No. 20cv64-BAS-LL, 2021 U.S. Dist. LEXIS 73035 *13 (S.D. Cal. Apr. 15, 2021) (noting "there is no rule requiring the automatic stay of discovery while a motion to compel arbitration is pending");

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

*Andrus v. D.R. Horton, Inc.,* No. 2:12-cv-00098-ECR-VCF, 2012 U.S. Dist. LEXIS 76177, *9 (D. Nev. June 1, 2012) ("[T]here is no automatic discovery stay once a motion to compel arbitration is filed."). Rather, the decision to grant a stay of discovery is discretionary and depends on the specific circumstances of the case. *See, e.g., Mlejnecky v. Olympus Imaging Am., Inc.,* No. 2:10- cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, *18 (E.D. Cal. Feb. 7, 2011) ("[T]he Federal Rules of Civil Procedure does [sic] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery.")

In fact, motions to stay discovery are generally disfavored. *Adams v. AllianceOne, Inc.,* No. 08-cv-00248-JAH (LSP), 2008 U.S. Dist. LEXIS 136932, *5 (S.D. Cal. Oct. 22, 2008) ("Generally, motions to stay discovery are not favored as Courts view them as undercutting 'the Federal Rules liberal discovery provisions.'") (citation omitted). Since the Ninth Circuit has not established a clear standard against which to evaluate a request to stay discovery in the face of a pending, potentially dispositive motion, federal district courts in California have typically applied a two-part test when evaluating such a request. *Pope v. Cnty. of San Diego*, No. 21-cv-1102-JO-MMP, 2024 U.S. Dist. LEXIS 12761, *3 (S.D. Cal. Jan. 23, 2024). Under the two-part test, courts ask whether (1) the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed" and whether (2) "the pending, potentially dispositive motion can be decided absent

additional discovery." *Mlejnecky,* 2011 U.S. Dist. LEXIS 16128 at *20. Both prongs must be satisfied to warrant a discovery stay. Id. Importantly, the party seeking a stay bears a "heavy burden" in showing that a stay is appropriate. *Powell v. UHG I LLC,* No. 23-cv-86-DMS-KSC, 2023 U.S. Dist. LEXIS 162289, *2 (S.D. Cal. Sept. 12, 2023) (citation and internal quotation marks omitted). For all the reasons set forth in Plaintiff's opposition, the motion is due to be denied. This is because Ms. Ferrell never gave ColourPop her phone number, never saw the website in question, and never consented to receive text messages, let alone agreed to arbitrate. Furthermore, as also explained in the opposition, even if Ms. Ferrell ever gave Colourpop her phone number, there is no agreement to arbitrate because Ms. Ferrell could not manifest consent and the terms were not presented with sufficient conspicuousness to put her on inquiry notice. Furthermore, defendant fails to proffer any reason for why limited discovery should not proceed at this time to allow the parties to seek discovery they would be entitled to in arbitration. The Court has authority to "limit[] the scope of…discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(D). Indeed, discovery will inevitably be sought in arbitration, yet Defendant cannot overcome why such limited discovery should not proceed at this time. As a result, Defendant falls woefully short of meeting its "heavy burden," and its request to stay discovery pending the Court's ruling on the motion to compel arbitration should be denied.

      The Court should exercise its "wide discretion in controlling discovery" in favor of allowing limited discovery to proceed in this case. *See Greer v. Cnty. of San*

*Diego, No.* 19-cv-00378-JO-DEB, 2022 WL 104724, *2 (S.D. Cal. Jan. 11, 2022) (*quoting Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). To be sure, allowing limited discovery to commence at this stage will "have already advanced the ultimate disposition of this action in an efficient manner beneficial to all." *In re Valence Tech. Secs. Litig.,* No. C 94-1542-SC, 1994 U.S. Dist. LEXIS 21948, *5 (N.D. Cal. 1994). Defendant relies on the Supreme Court's decision *in Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), under which district court proceedings must be stayed pending an appeal of a denial of a motion to compel arbitration, in support of its argument that a stay is warranted. However, Plaintiff does not seek to deprive Defendant of the opportunity to engage in the sort of "less intrusive discovery" that the parties would conduct in arbitration. Cf. *Coinbase,* 599 U.S. 736, 743. On the contrary, Plaintiff contends that limited discovery based on what the parties could seek in arbitration, minimally, should proceed at this time to move the case forward. Not only would there be no hardship to the parties, but allowing such limited discovery would disavow Plaintiff of any prejudice she may experience by further delays of this litigation. Notably, moving forward with limited discovery would encourage resolution because it could help narrow the issues.

      Moreover, a stay related delay would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *E.g., Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-5 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the

Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate").

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *E.g., Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug.

19, 2014). There are also other prejudices not associated with calling records that the Plaintiff will face from a stay. *See Sanaah v. Howell*, 2009 Civil Action No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."). Here, the Plaintiff is simply seeking to proceed in the ordinary course with discovery. In denying a motion to stay, another federal court considered this issue in a TCPA case:

> In addition, Orangetheory has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. Simon, on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
>
> …
>
> In the meantime, it is clear that critical evidence, including [*22] records from any third parties that Orangetheory may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, Case No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019).

## CONCLUSION

This Court should deny the Defendant's motion to stay discovery.

Dated: June 24, 2025

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorney for Plaintiff and the putative Class*