**AKERMAN LLP**
Ellen S. Robbins (SBN 298044)
ellen.robbins@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Jeffrey B. Pertnoy [*Admitted Pro Hac Vice*]
jeffrey.pertnoy@akerman.com
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Tel: (305) 374-5600
Fax: (305) 374-5095

Attorneys for Defendant
COLOURPOP COSMETICS, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER FERRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLOURPOP COSMETICS, LLC<br><br>Defendant. | Case No. 2:25-cv-01324-SPG-AJR<br>The Hon. Sherilyn Peace Garnett<br><br>**DEFENDANT COLOURPOP COSMETICS, LLC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**<br><br>Complaint Filed:  February 14, 2025 |

A stay of discovery pending a ruling on Colourpop's Motion to Compel Arbitration, or in the Alternative Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) is warranted to conserve judicial resources and to prevent the parties from expending time, money, and resources responding to Plaintiff's broad discovery requests – including class discovery despite the fact that Plaintiff agreed to a class action waiver – that may be rendered moot by the Court's ruling. Despite claims to the contrary in Plaintiff's opposition, should the Court grant Colourpop's motion to compel or to dismiss, a large number of Plaintiff's discovery requests will be moot. It is unlikely that Plaintiff will be permitted to pursue in arbitration the vast and overly broad discovery she has already served, including the myriad of requests that would only be relevant should the matter proceed as a class action, which form of relief – as explained in Colourpop's Motion to Compel Arbitration and Reply supporting same – Plaintiff has clearly waived.

Even if the Court denies Colourpop's Motion, the Court would be required to stay the entire case (not merely discovery) pending an appeal by Colourpop pursuant to the Federal Arbitration Act ("**FAA**"), 9 U.S.C. §16(a), should Colourpop pursue such relief. *See Coinbase, Inc. v. Bielski*, -- U.S. --, 143 S. Ct. 1915 (2023) (district court *must* stay proceedings during the pendency of an interlocutory appeal of a denial of a motion to compel arbitration). Furthermore, if the Court denies the motion to compel arbitration but grants the motion to dismiss, this case will be over.

In short, permitting discovery at this juncture will result in an unnecessary expenditure of resources by both the parties and the Court, which prejudice outweighs any minimal prejudice suffered by Plaintiff as a result of delaying the commencement of discovery until the scope of the pleadings and the proper forum are determined. Accordingly, the Court should exercise its discretion in favor of staying discovery pending resolution of its Motion to Compel Arbitration and/or to Dismiss. Alternatively, at a minimum, the Court should limit any discovery to that to which

1

DEFENDANT COLOURPOP COSMETICS, LLC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

Plaintiff would be entitled to in arbitration – *i.e.*, all class-related discovery should be stayed, and discovery limited to Plaintiff's own claim.

## ARGUMENT

### I. A STAY OF DISCOVERY IS WARRANTED HERE.

As Plaintiff concedes, whether to stay discovery pending a ruling on a motion to dismiss or motion to compel is within the discretion of the trial court. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Greenspan v. Musk*, No. 24-CV-04647-MMC, 2024 WL 4933334 (N.D. Cal. Dec. 2, 2024). As outlined in Defendant's Motion to Stay, courts in this district routinely stay discovery pending a ruling on motion to compel arbitration where, as here: (1) the pending motion to compel is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed"; and (2) "the pending, potentially dispositive motion can be decided absent additional discovery." *Ferrell v. Appfolio, Inc.*, Case No. CV-23-01354-JWH, 2024 WL 132223, at *1 (C.D. Cal. Jan. 8, 2024) (citation omitted); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1998) ("A stay of discovery pending the resolution of another issue is proper if discovery would not affect a decision on that issue."). Plaintiff acknowledges that this is the applicable test.[1]

Defendant has sustained its burden of demonstrating that its Motion to Compel/Motion to Dismiss is potentially dispositive of the case, and that the pending motion can be decided without discovery. Plaintiff does not dispute either of these in its Opposition. Rather, Plaintiff attempts to argue the merits of the Motion to Compel.

---

[1] Many of the cases Plaintiff cites in her opposition are from other Circuits or relating to other types of motions where a different test is applied. For example, although *Simon* was a TCPA case, the court considered factors such as Defendant's likelihood of prevailing on the merits and prejudice to plaintiff - which are not factors the Ninth Circuit considers in considering a motion to stay pending a ruling on a motion to compel arbitration - in denying a stay pending the issuance of an FCC order. *Simon v. Ultimate Fitness Group, LLC*, Case No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *21-22; *see also Sanaah v. Howell*, 2009 Civil Action No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260 (D. Colo. Apr. 9, 2009) (considering motion to stay pending a determination on qualified immunity defense under a dissimilar five prong test). As a result, these cases are not instructive in determining Defendant's entitlement to a stay.

However, Defendant is not required to demonstrate a likelihood of prevailing on the pending motion in order for discovery to be stayed; Defendant need only show that the pending motion is potentially dispositive, which it unquestionably is. *See Appfolio*, 2024 WL 132223, at *1 (granting a motion to stay discovery pending resolution of a motion to compel arbitration because it was potentially dispositive of the entire case). Further, Plaintiff has not pointed to any discovery it claims is needed to rule on the pending motion. Thus, Defendant has fulfilled both prongs of the relevant two-part test, supporting the issuance of a stay.

## II.   A STAY WOULD CONSERVE JUDICIAL AND PARTY RESOURCES.

In addition, staying discovery pending a ruling on the Motion to Compel Arbitration/Motion to Dismiss "furthers the goals of efficiency for the courts and litigations." *See Galaxia Electronics Co., Ltd., v. Luxmax U.S.A.*, Case No. CV-16-05144 JAK, 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017) (citations omitted); *see also Anderson v. Optum Services, Inc.*, No. 1:24-CV-00535-KES-CDB, 2024 WL 4589910, at *3 (E.D. Cal. Oct. 28, 2024) (granting motion to stay pending ruling on motion to compel arbitration due to "a tangible concern about the potential for unnecessary expenditure of the parties' (and the Court's) limited resources").

As pointed out in Defendant's Motion to Stay, much of the discovery served by Plaintiff seeks class-wide discovery which has no relevance if Plaintiff has to proceed on an individual basis. Significantly, the Terms to which Plaintiff consented contain a class action waiver: "YOU AND COLOURPOP AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and ColourPop agree otherwise in a signed writing, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding." *See* ECF 26-1; Declaration of Zack Shuler, ¶ 20 (caps in original); ECF

26-2; Declaration of Andrew Sega, ¶ 15 (caps in original). Granting a stay – particularly as to class-related discovery – will avoid wasting resources of the parties and the Court.

Moreover, Plaintiff has failed to rebut – because she cannot – the fact that should Defendant's motion be denied, the case would be stayed pending appeal, meaning most likely any discovery commenced now will not be completed. 9 U.S.C. §16(a). There is no need to require the parties – and potentially the Court – to expend resources relating to discovery that may be rendered moot by Colourpop's Motion or which might be interrupted by a mandatory stay pending appeal.

That staying discovery pending a ruling on a motion to compel is the proper course is supported by cases cited by Plaintiff in her opposition. For example, in *Andrus v. D.R. Horton, Inc.*, the court held that '[i]t is in the interest of conserving the resources of the parties and the court to stay discovery in this action pending a determination of the motion to compel arbitration." *Andrus,* No. 2:12-cv-00098-ECR-VCF, 2012 U.S. Dist. LEXIS 76177, *9 (D. Nev. June 1, 2012); *see also Mundi v. Union Sec. Life Ins. Co.,* 2007 U.S. Dist. LEXIS 64012, 2007 WL 2385069, at *6 (E.D. Cal. 2007) ("the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration").

Plaintiff has failed to proffer any justification for proceeding with its extensive class-wide discovery requests, and her opposition seems to concede that, at most, only discovery which would be allowed in arbitration should proceed if a stay is not granted. Yet what discovery would be allowed in arbitration will be determined by the arbitrator – the scope of which at this point is wholly speculative. Because Defendant has fulfilled both prongs of the two-factor test, a stay should be granted. However, to the extent the Court is inclined to let some discovery commence at this juncture, such discovery should be limited to that relating solely to Plaintiff in her individual capacity.

Finally, the Opposition argues that Plaintiff will be prejudiced by a stay. But prejudice to plaintiff is not a factor courts in this district consider when presented with

a motion to stay pending ruling on a dispositive motion. In any event, courts have routinely found that any prejudice resulting from a short delay in commencing discovery is outweighed by the potential prejudice to the parties and the Court resulting from expending time and resources on litigation activity relating to claims which ultimately may be sent to arbitration. *See Zamudio v. Aerotek, Inc*, No. 1:21-CV-01673-JLT-CDB, 2024 WL 863715, at *3 (E.D. Cal. Feb. 28, 2024); *Clark v. Trans Union LLC*, No. 2:24-CV-783 WBS CKD, 2025 WL 579423, at *1 (E.D. Cal. Feb. 21, 2025); *Zuniga v. Experian Info. Sols., Inc.*, No. 1:24-CV-00673-KES-EPG, 2024 WL 4818825, at *3 (E.D. Cal. Nov. 18, 2024); *Nguyen v. BMW of N. Am., LLC.*, No. 20CV2432-JLS(BLM), 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021).

## CONCLUSION

To avoid the prejudice Colourpop would suffer from being required to engage in burdensome discovery, including class-wide discovery, that may not be permitted in arbitration and to both promote judicial efficiency and conserve judicial resources, the Court should stay discovery pending resolution of Colourpop's Motion to Compel Arbitration and/or Motion to Dismiss. Alternatively, to the extent the Court is inclined to permit some discovery to proceed, such discovery should be limited to Plaintiff's claims in her individual capacity.

DATED July 16, 2025            AKERMAN LLP


By: */s/ Jeffrey B. Pertnoy*
　　Ellen S. Robbins
　　Jeffrey B. Pertnoy (*Admitted Pro Hac Vice*)
　　Attorneys for Defendant
　　COLOURPOP COSMETICS, LLC